**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

MAR 2 6 2021

ARTHUR JOHNSTON
BY_____ DEPUTY

**JOE ABLES**                                                                                                                                      **PLAINTIFF**

**VERSUS**                                                                     CIVIL ACTION NO: 1:21cv92HSO-JCG

**UNITED STATES OF AMERICA,
JOHN DOES PERSONS A-M; AND
JOHN DOE ENTITIES N-Z.**                                                                                                     **DEFENDANTS**

### *COMPLAINT*
### *JURY TRIAL DEMANDED*

COME NOW the Plaintiff, Joe Ables, by and through his attorneys, Kobs & Philley, PLLC, and files his Complaint against Defendants United States of America; John Doe Persons A-M; and John Doe Entities N-Z, and in support thereof, would respectfully show the following unto the Court, to-wit:

### I.

### PARTIES:

1.        The Plaintiff, Joe Ables, is an adult resident citizen of Gulfport, Mississippi, and brings this action for injuries and damages he has sustained by virtue of the negligent care and treatment rendered by Coastal Family Health Clinic and Amanda Hanson APRN in Gulfport, Mississippi.

2.        The Defendant, United States of America (hereinafter "USA"), is the apparent owner and operator of the Coastal Family Health Clinic and the employer of Amanda Hanson APRN, and has claimed responsibility for their actions.   The United States of America should be served with process pursuant to the Federal Rules of Civil Procedure 4(I).

3.        Defendants, John Doe Persons A-M ("JDP") and John Doe Entities N-Z ("JDE") are individuals and entities presently unknown to Plaintiff at this time and are named in this

lawsuit pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. All allegations and claims asserted herein against Defendant(s) are incorporated by reference against JDP and JDE. JDP and JDE will be identified by name and joined in this action, by amendment of the Complaint, pursuant to the Mississippi Rules of Civil Procedure, when the information to do so becomes available.

4.      Appropriate statutory notice has been provided to the Defendant, United States of America, and Defendant, United States of America, failed to respond within the statutory period.

5.      Accordingly, the Plaintiff is now authorized to file suit against the Defendant, United States of America.

## II.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the Defendant, United States of America, pursuant to the Federal Tort Claims Action, 28 U.S.C. §1346(b), 2671, *et seq*.

7.      Venue is proper in this division of this district because the acts and omissions giving rise to this complaint occurred at the Coastal Family Health Clinic in Gulfport, Harrison County, Mississippi. (hereinafter "Coastal Family")

## III.

## CLAIM OF JOE ABLES

8.      On September 20, 2018, Plaintiff Joe Ables, a 49 year old male with a history of gout, presented to Coastal Family in Gulfport, Mississippi with complaints of left ankle pain and swelling. Onset was noted to be on September 18, 2018, with described pain as severe, sharp and throbbing that was acute and persistent. Symptoms aggravated by walking with associated symptoms being joint pain and joint tenderness. Mr. Ables was examined by Amanda Hanson,

APRN, who noted that Mr. Ables's vital signs were remarkable with a heart rate of 118 and a temperature of 99.7F.  His uric acid level was normal at 5.4 mg/dL. The remainder of his physical exam was remarkable for left ankle swelling and erythema. Nurse Hanson then diagnosed Mr. Ables with gout without the benefit of joint aspiration or culture to differentiate gout versus septic arthritis. He was administered Methylprednisolone injection up to 125m.g. and discharged with a prescription for oral prednisone 20 mg daily for 5 days and indomethacin 50 mg three times per day.

9.      On September 23, 2018, Mr. Ables presented to the ER at Gulfport Memorial Hospital after being found unresponsive by his girlfriend. On arrival, he was noted to be hypotensive and tachycardic. The exam was remarkable for redness in the left medial malleolar area. His lab work showed a WBC of 12.3 and Cr = 1.9, ALT = 74, AST = 194, Bili = 3. He suffered from acute renal failure and lactic acidosis. Mr. Ables was intubated emergently due to sepsis. A CT of the abdomen and pelvis did not show any acute abnormality. A CT of the left lower extremity on September 28, 2018 showed "evidence of gangrenous osteomyelitis with gas bubble seen throughout the marrow cavity of the lateral malleolus medial malleolus and to a lesser extent in the talus and calcaneus and scattered subcutaneous gas bubbles in the surrounding soft tissues. There [was] diffuse subcutaneous edema/cellulitis with no organized fluid collection/abscess apparent." The final radiologic diagnosis was gangrenous osteomyelitis of the left ankle and hindfoot. Mr. Ables underwent surgical debridement of the left ankle on October 3, 2018, and a left below knee amputation on October 12, 2018, followed by repeat debridement on October 24, 2018.

10.      The Defendant United States, as employer of Nurse Hanson, was negligent in failing to perform joint aspiration and culture to differentiate the diagnosis of gout versus septic

arthritis. Further, Nurse Hanson was negligent in administering steroids, which likely exacerbated Mr. Ables's infection by suppressing the immune response. Stated differently, the diagnosis and management of Mr. Ables's condition at Coastal Family Health Clinic on September 20, 2018, failed to meet the standard of care of a reasonably competent medical staff in like circumstances and caused irreparable delay in proper treatment of Mr. Ables's septic arthritis, which likely progressed to gangrenous osteomyelitis. As a direct and proximate result of Defendant's negligence, Mr. Ables suffered a partial amputation of his left leg, pain and suffering, medical expenses, loss of ability to enjoy life, lost wages, mental and emotional distress, and other damages.

11.    At all relevant times, Defendant United States of America owned and operated and was doing business as Coastal Family Health Clinic.  All liability imputed and/or directed to Coastal Family Health Clinic is necessarily imputed and/or directed to the United States of America.

12.    At all relevant times, Nurse Hanson was an agent and/or employee of the United States of America and/or Coastal Family Health Clinic, and at all relevant times, was acting within the course and scope of her agency/employment with the United States of America. Defendant, United States of America, is vicariously liable for the negligent acts and omissions of Nurse Hanson.

13.    Accordingly, the Plaintiff, Joe Ables, pursuant to State law and the Federal Tort Claims Act, 28 U.S.C., §1346, *et seq.*, is entitled to recover all damages allowed by the laws of the State of Mississippi, including, but not limited to, medical expenses, lost wages, pain and suffering, loss of ability to enjoy life, all of which occurred as a direct and proximate result of the negligence of the Defendant as aforesaid.

**Count One**
**Negligence of United States of America; John Doe Persons A-M; and**
**John Doe Entities N-Z**

14.     Plaintiff realleges and incorporate herein by reference the allegations contained in the above and foregoing paragraphs.

15.     At all material times herein, a nurse – patient relationship existed between Plaintiff and Nurse Hanson, who was an employee and/or agent of the USA.

16.     USA, by and through its medical and nursing staff, had a duty, given the circumstances of Mr. Ables, to use its knowledge and treat Mr. Ables, through maximum reasonable medical recovery, with such reasonable diligence, patience, skill, confidence, and prudence as is practiced by minimally competent caregivers in the same specialty or general field of practice throughout the United States, who have available to them the same general facilities, services, equipment, and options.

17.     Defendant, USA and its staff, breached the duty of reasonable care, skill and diligence, and were negligent, grossly negligent and reckless in a number of ways, including, but not limited to, its failure to properly examine, screen, diagnose, adequately treat and provide medical care to Mr. Ables during his visit at Coastal Family.  Defendants breached the minimum duty of reasonable care, skill and diligence and were negligent, grossly negligent and reckless in the examinations, treatment and medical procedures, or the lack thereof, performed on Mr. Ables, which led to complications he experienced and the partial amputation of his left leg.

18.     Defendant, USA and its staff, failed to exercise the minimum degree of care and skill required under Mississippi law regarding the proper staffing and consultation guidelines and procedures for the post-operative care of its patients.  Defendants are directly liable as a result of the negligent failure to properly investigate, train, and screen the quality of services

provided by the physicians and staff, and by failing to ensure that these individuals render adequate medical care to the patients as required by the standard of care of medical professionals. Such failures proximately caused and/or contributed to the injuries and damages suffered by Plaintiff.

19.     Specifically, Defendants breached their duties of care to Mr. Ables and were negligent and/or grossly negligent in the care and treatment given to Mr. Ables in one or more of the following ways:

a)   Failure to provide minimally competent healthcare treatment;
b)   Failure to adequately and proficiently monitor the health and physical well being of Mr. Ables;
c)   Failure, despite apparent and objective symptoms, to properly recognize, diagnose, discover and/or adequately treat Mr. Ables's septic arthritis;
d)   Failure to appreciate and/or recognize the gravity of Mr. Ables's medical condition;
e)   Failure to properly observe and properly report Mr. Ables's condition;
f)   Failure to conduct such tests and examinations as were necessary for the proper diagnosis and care of Mr. Ables;
g)   Failure to take immediate action to diagnose and treat Mr. Ables's septic arthritis;
h)   Failure to consult with medical practitioners with specialized expertise so as to determine Mr. Ables's medical condition and how to prevent prolonged damage to Mr. Ables; and
i)   Other failures and negligent acts or omissions which led to the improper and delayed treatment of Mr. Ables.

20.     Said negligent acts and/or omissions of Defendants were the direct and proximate and/or proximate contributing causes of the herein-described incident and the resulting injuries sustained by Mr. Ables.

21.     Mr. Ables's injuries, both physical and otherwise, are the direct and proximate result of negligence, gross negligence and/or recklessness on the part of Defendants.

## Count II:  Vicarious Liability

22.     Plaintiffs reallege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

23.     At all times material, Mr. Ables was under the medical care and direction of Nurse Hanson, who was an agent of USA acting within the course and scope of her employment or otherwise acting within the capacity of her agency.

24.     Defendant, USA, is vicariously liable for the negligent and/or grossly negligent acts and/or omissions of its nurses, including Nurse Hanson, and for any other of its agents or servants who negligently delivered medical services in connection with the incident described herein.

### Count III: Breach of Warranty
### As to all Defendants

25.     Plaintiff realleges and incorporates by reference the preceding paragraphs above, as if set forth in full hereinafter.

26.     In consideration of Mr. Ables's agreement to pay for services rendered, Defendant impliedly warranted that Mr. Ables would be furnished with adequate, safe and proper care.

27.     Defendant failed, refused and/or neglected to provide adequate, safe and proper care in the manner and form previously set forth herein.

28.     Said breach of warranty by Defendant were proximate causes of the above-described incident, the resulting injuries sustained by Mr. Ables, and resulting losses and damages as described hereinafter.

### IV.

### AD DAMNUM AS TO ALL NEW CLAIMS

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury and that Defendants, United States of America, John Doe Persons A-M and John Doe Entities N-Z be served with process of this Court, to appear and answer same, and that after due proceedings be

had, there be a monetary judgment herein in favor of Plaintiff of and from Defendants in an

amount in excess of the minimum jurisdictional limits of this Court for:

     (a)     Actual and compensatory damages;
     (b)     Punitive and exemplary damages;
     (c)     Reasonable attorney fees;
     (d)     Pre-judgment and post-judgment interest and all costs accrued in this action; and
     (e)     Any other legal or equitable relief the Court deems just and appropriate under the circumstances.

Dated, this the _____22____ day of March, 2021.

RESPECTFULLY SUBMITTED,

**JOE ABLES**

BY: _____
     BENJAMIN N. PHILLEY, MSB NO. 101556
     JAY M. KILPATRICK, MSB NO. 100136
     ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

KOBS & PHILLEY, PLLC
Post Office Box 2230
Madison, Mississippi 39130-2230
216 W. Jackson St.
Ridgeland, Mississippi 39157Telephone: 601-856-7800
Facsimile: 601-856-7031
E-mail: jkilpat@kobsphilley.com
     bphilley@kobsphilley.com